driver of the wagon, and, the court declining to do so, duly excepted. This ruling was not erroneous. As between the plaintiff and the two defendants, there was no presumption of the kind. That one of the defendants was negligent whom the evidence showed to be negligent.

The defendant the Dry-Dock, East Broadway & Battery Railroad Company also requested the court to charge that the car of the defendant the Dry-Dock, East Broadway & Battery Railroad Company had the right of way, and that the driver of the truck owned by the defendant Westing was bound to respect the superior right of the defendant the Dry-Dock, East Broadway & Battery Railroad Company to the use of so much of the street at the point or place in question covered by the track or included within the rails of said defendant, and required by the passage of said defendant's car, and, the court declining so to charge, duly excepted. This ruling was not erroneous. It is true that the courts have said that in some cases the car has the right of way, but never has it said so in a case of this kind. But, even if the car did have the right of way, it still was bound, as far as the plaintiff was concerned, to use at least ordinary care to protect her, its passenger, from harm. It cannot rely upon this right of way when by so doing injury would come to its passenger.

The court charged that pain and suffering are not limited merely to physical suffering, but they extend to mental suffering and anguish, and to this the defendants excepted. We do not think that this ruling was erroneous. There was evidence that tended to show that the plaintiff did suffer mental anguish. She had two teeth knocked out and two broken. She was badly bruised on the left shoulder, left side, left hip, and on the mouth. She suffered terrible pain for four months in her head, and had not up to the time of the trial been able to sleep more than an hour at a time, and had been in a very nervous condition. She was easily frightened, and always imagined that there was some one coming after her. This tended to show that she did suffer mentally. The judgment and order appealed from are affirmed, with costs.

---

WEMPLE v. McMANUS.

(*Superior Court of New York City, General Term.* May 4, 1891.)

1. DEFECT OF PARTIES—WAIVER OF OBJECTION.

In an action by a broker for commissions alleged to have been earned by plaintiff in procuring a loan for defendant, an objection that the commissions were to be paid to other persons jointly with plaintiff cannot be raised for the first time on the trial; Code Civil Proc. N. Y. § 499, providing that if an objection to a defect of parties is not taken by demurrer or answer, defendant will be deemed to have waived it.

2. PLEADING—PROOF UNDER GENERAL DENIAL—NEW MATTER.

Under a general denial, defendant may disprove anything that plaintiff alleges, or any fact that plaintiff must establish to show a cause of action, but he cannot prove a defense founded on new matter; Code Civil Proc. N. Y. § 500, providing that the answer must contain a general or specific denial of each material allegation of the complaint, or of any knowledge or information thereof sufficient to form a belief, or it must contain a statement of any new matter constituting a defense or counter-claim.

Appeal from jury term.

Action by Henry Y. Wemple against Patrick H. McManus to recover the sum of $900 for work, labor, and services alleged to have been performed by plaintiff as broker in the procuring of a loan on bond and mortgage for defendant, at his request, on property situated on the south side of Fourteenth street. From a judgment entered on a verdict directed in favor of the plaintiff for the sum demanded in the complaint, and from an order denying a motion for a new trial, defendant appeals. On denying the motion for a new trial, McADAM, J., filed the following opinion: "There is much confusion in the evidence, but no conflict. The facts are easily collated. The defendant em-

ployed the plaintiff to procure a builder's loan of $180,000 on property in East Fourteenth street, and agreed to pay for procuring it $7,000, which was to cover brokerage, lawyer's fees, searching title, and all other expenses. The plaintiff, acting under this employment, introduced the defendant to the Metropolitan Life Insurance Company, the officers of which were well acquainted with the plaintiff. A formal application, giving the details of the property and the contemplated buildings, was there prepared with great particularity, and subscribed by the defendant. The company officially approved of the application, and agreed to make the loan, of which the defendant had due notice. The insurance company, according to the uncontradicted evidence of its officers, was able, as well as willing, to make the loan. The broker's duty ended there. He did all it was possible for him to do in the matter. He could do no more. The ultimate failure to consummate the transaction was owing to some subsequent disagreement between the company and the defendant as to the latter's ability to comply with the terms of his application, —a misunderstanding that in no way concerned the broker. The court, at the trial, offered to allow the defendant to show, in defense, that the insurance company failed to keep its part of the understanding according to the written application and acceptance, and finally offered to send the case to the jury on the question whether the company had offered full performance, on its part, of the written compact, with an ability to comply. The defendant failed to give the proof, and declined to go to the jury on the question. The offer by the defendant to prove that the plaintiff was to divide his brokerage with three other persons was abortive, for two reasons: (1) If the money was to be first received by the plaintiff and afterwards divided, the evidence offered would not have constituted a defense; for the plaintiff could not have made the necessary division until he received the money. He was entitled to it in his own right and as trustee for the others. (2) If the three other persons were, in the first instance, to receive the brokerage jointly with the plaintiff, the failure to plead the non-joinder of the other three was fatal to the offer. Barb. Parties, 308; 1 Wait, Pr. 119; *Karelsen* v. *Fire Office*, 45 Hun, 144; *Iron Co.* v. *Hasbrecht*, 48 Hun, 206. The defendant was also bound to plead payment if he intended to insist upon that as a defense. Such a defense must be specially pleaded, (*McKyring* v. *Bull*, 16 N. Y. 297,) except in the one exceptional instance where the non-payment must be affirmatively proved to establish the plaintiff's cause of action, (*Knapp* v. *Roche*, 94 N. Y. 329,) and this case is not of that peculiar character. The subsequent attempted modifications of the contract made between the insurance company and the defendant were not provable, (1) because they did not affect the broker; and, (2) if they did, they were not specially pleaded. The general denial allowed by the Code permits a defendant to disprove anything the plaintiff alleges, or any fact the plaintiff must establish to show a cause of action, or to mitigate the damages, but not to prove a defense founded on new matter. Code, § 500, subd. 2; *Morrell* v. *Insurance Co.*, 33 N. Y. 429; *Weaver* v. *Barden*, 49 N. Y. 286, *Brennan* v. *Mayor*, etc., 62 N. Y. 365; *Clifford* v. *Dam*, 81 N. Y. 52. The rulings at the trial were in accordance with these views, and are correct. The plaintiff did not seek to recover the contract price ($7,000) for his services, as this included expenses which were not made. He claimed and recovered the statutory rate allowed for such work, viz., one-half of one per cent., aggregating, with interest, $967.50. No point was raised at the trial as to the propriety of this course. In conclusion, it is only necessary to say that, as the defendant declined to go to the jury on the only question of fact in the case, the verdict in favor of the plaintiff was properly directed, and the motion for a new trial must be denied." Code Civil Proc. N. Y. §§ 488–500, is as follows: "Sec. 488. The defendant may demur to the complaint where one or more of the following objections thereto appear upon face thereof: * * * (5) That there is a misjoinder of parties plaintiff; (6) that there is a defect

of parties, plaintiff or defendant." "Sec. 498. Where any of the matters enumerated in section four hundred and eighty-eight of this act as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer. Sec. 499. If such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it, except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action. Sec. 500. The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; (2) a statement of any matter constituting a defense or counter-claim, in ordinary and concise language, without repetition."

Argued before SEDGWICK and FREEDMAN, JJ.

*Thomas I. L. McManus*, for appellant. *Staley Fiske*, for respondent.

PER CURIAM. The judgment and order are affirmed, with costs, upon the opinion of the judge below, given on the decision of the motion for a new trial.

---

### KELLER *v.* METROPOLITAN EL. RY. CO. *et al.*

(*Superior Court of New York City, General Term.* May 11, 1891.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—INCONSISTENT FINDINGS.

> In an action to restrain the maintenance and operation of an elevated railroad in the street in front of plaintiff's premises, and for damages, it appeared that plaintiff purchased the premises subject to a lease made after the construction of the elevated railroad, and the action was tried before the expiration of such lease. The court found that by the acts of defendants a certain "loss in the rental value of the premises" was sustained by plaintiff, and that "plaintiff, previous to and including the time of the trial of this action, had lost no rents on account of any taking of property connected with" the premises in question. *Held*, that such findings were not inconsistent, but would be construed to mean that, though plaintiff had lost none of the rents under the lease to which the premises were subject when he acquired title, yet the rental value had been diminished, for which plaintiff was entitled to recover.

Appeal from equity term.

Action by Frederick K. Keller against the Metropolitan Elevated Railroad Company and another to restrain defendants from maintaining and operating their elevated railroad in the street in front of plaintiff's premises, known as "No. 662 Sixth Avenue," and to recover damages for past injuries to the premises by the construction and operation of such elevated railroad. Plaintiff acquired title to the premises on April 27, 1891, from one Esther E. Michel, who on that day conveyed the same to him, subject, however, to a lease ending on April 30, 1890, under which lease the lessee was then in possession. On trial before TRUAX, J., the following findings of fact, *inter alia*, were made: "*Third.* That in the month of January, 1879, the defendant the Metropolitan Elevated Railway Company began the erection of an elevated railway structure on Sixth avenue, in the city of New York, in front of the premises in question, and completed the same in June, 1878, and commenced the operation of the same by running passenger-cars and steam locomotives thereon, in front of plaintiff's premises, until May 20, 1879, when it leased the same to the defendant the Manhattan Railway Company, which company has continued the maintenance and operation of the same down to the present time, and is now so operating the same. * * * *Eighth.* That the maintenance of the railway structure above described in and along the front of plaintiff's premises has, from the month of June, 1878, to the present time, constituted, and will hereafter constitute, a use inconsistent with and in excess of the ordinary uses for which said street was set apart and reserved in law, and by such inconsistent and excessive street use the access to plain-