(3 Misc. Rep. 555.)

## CHAMBERLAIN v. ALMY.

(City Court of New York, General Term. May 9, 1893.)

1. INTERPLEADER—WHEN ALLOWED.
   Plaintiff claimed a certain sum, one half of which defendant paid. Action was then brought for the balance. Defendant asked to be discharged, and that a certain other person be substituted, on the ground that the balance was claimed by such person, under some arrangement with plaintiff. *Held*, that there was no such claim to the "same debt" as contemplated by Code Civil Proc. § 820, and that the application for interpleader, therefore, should have been denied.

2. SAME—AFFIDAVITS.
   Whether or not affidavits should be received on application for interpleader is discretionary with the court.

Appeal from special term.

Action by George A. Chamberlain against George W. Almy. From an order allowing interpleader, and an order refusing to strike out affidavit after argument of motion, plaintiff appeals.

Argued before EHRLICH, C. J., and NEWBURGER, J.

Joseph G. Gay, for appellant.
Phillips & Avery, for respondent.

EHRLICH, C. J. The plaintiff's claim was for $165 brokerage, on which the defendant paid one half, leaving $82.50 due. The action was for this balance. Upon application of the defendant, and on proof that one Fanton claimed one half of the original brokerage, to wit, $82.50, under some arrangement with Chamberlain, the plaintiff, the court made an order that the defendant be discharged from liability, and that Fanton be substituted as defendant in his place. There was no such claim to the "same debt" as the Code[1] contemplates. The defendant was not warranted in assuming that, under some arrangement with Chamberlain, Fanton became jointly interested in the brokerage, or entitled to one half thereof, nor authorized in acting on the assumption by paying Chamberlain one half of the $165, and then compelling him to litigate with Fanton as to the other half. There could be no such division or separation of the original debt made by the act of the defendant alone. There was no claim that Fanton was employed by the defendant, and no proof that he was under any liability to him whatever. It would seem from the record that Chamberlain was entitled to the entire commission, and that whatever claim Fanton had was against Chamberlain, after he had received the whole. Wemple v. McManus, (Super. N. Y.) 15 N. Y. Supp. 86.

The justice who heard the motion had the right to receive affidavits from either party, prior to making a decision of the motion, and it was discretionary with him whether he would receive Fanton's affidavit or not. Such matters are very much within the control of the judge, who heard the original application. The order denying the motion to remove Fanton's affidavit from the record

[1] Code Civil Proc. § 820.

will therefore be affirmed, with costs, but the order directing the interpleader must, for the reasons before stated, be reversed, with costs.